**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------
PAKENAUTH GEER,

                              Plaintiff,

       v.                                                   14-CV-650
                                                               (DNH/CFH)

LT. LEWIS, Washington Correctional Facility,
et al.,

                              Defendants.
-----------------------------------------------------------------

**APPEARANCES:**                                     **OF COUNSEL:**

PAKENAUTH GEER
Plaintiff Pro Se
05-A-1952
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, New York 12821

**CHRISTIAN F. HUMMEL
United States Magistrate Judge**

# REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint brought by pro se plaintiff Pakenauth Geer ("Geer") pursuant to 42 U.S.C. § 1983. Compl. (Dkt. No. 1). Geer has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 2. Geer has also filed an inmate authorization form. Dkt. No. 3.

## I. DISCUSSION

### A. Application to Proceed IFP

Geer has submitted an IFP Application. After reviewing the entire file, the Court finds

that plaintiff's financial status qualifies him to file this action without prepaying in full the filing fee. Although plaintiff is financially eligible to proceed IFP, he must still pay the partial filing fee as stated in 28 U.S.C. § 1915(b)(1). Plaintiff has filed the appropriate authorization form. Dkt. No. 3. Plaintiff's request to proceed IFP in this action is therefore granted.

### B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Geer brings this action pursuant to 42 U.S.C. § 1983. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

Geer's complaint is related and refers to actions which were the substance of another complaint filed in this district, Geer v. McFarren, No. 14-CV-589. Pursuant to a Decision

and Order entered September 16, 2014, Geer's claims regarding the wrongful damage of his typewriter in April of 2014 and general allegations of harassment were dismissed with prejudice. Id., Dkt. No. 8. Geer's claims regarding retaliation for pursuing legal claims and interference with his mail were dismissed without prejudice and with a right to renew pursuant to filing an amended complaint. Id. No amended complaint was filed. Thus, according to a Judgment entered on November 19, 2014, the case was closed. Id., Dkt. No. 9.

In his present complaint, Geer says that he attended a disciplinary hearing on May 13, 2014 for the misbehavior report he received in April of 2014 when he was allegedly talking and typing during rounds and a corrections officer intentionally broke his typewriter – the basis for the former complaint which has since been dismissed. Compl. at 4. During that hearing, Geer contends that defendant Lewis refused to allow him to call witnesses in violation of his due process rights. Id. The disciplinary hearing resulted in a guilty disposition and thirty day loss of recreation privileges. Id. Further, on the day of the hearing, Geer was given his broken typewriter back, and forced to take it back to his cell with him by defendant Murphy, even though it was no longer operational. Id.

Geer also contends he was given a false misbehavior report by defendant McMillian, which defendant Brown was aware of, and for which Brown imposed an improper punishment. Compl. at 4, 7. The specifics of the events surrounding the timing of the issuance and content of the ticket, the subsequent disciplinary hearing, and exact disposition are unknown. Geer includes the statement of claim and request for relief from his other claim in the present complaint. Id. at 5.

Geer seeks $10 million dollars for damages he suffered in connection with defendants

3

actions, specifically: Lewis prohibiting him from calling witnesses at his disciplinary hearing; Murphy forcing him to reclaim his broken typewriter; McMillion writing him a false misbehavior report; and Brown issuing a penalty in connection with a known false misbehavior report. Compl. at 7. For a further recitation of the facts, reference is made to the complaint.

To the extent that Geer is attempting to resurrect any of his claims related to his damaged typewriter, such claims should be dismissed. See Hudson v. Palmer, 468 U.S. 517, 531 (1984) (citing Parratt v. Taylor, 451 U.S. 527, 541 (1981)) (explaining that even intentional destruction of an inmate's personal property may not be the basis of a constitutional claim if sufficient post deprivation remedies are available to address the claim); see also Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001) (holding that the Second Circuit has long recognized that New York provides "an adequate post deprivation remedy in the form of, inter alia, a Court of Claims action.").

With respect to Geer's claims regarding the process received during his disciplinary proceeding, such claims should also be dismissed. An inmate can show deprivation of a liberty interest under the due process clause when a prison condition imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); see also Luna v. Pico, 356 F.3d 481, 487 (2d Cir.2004) (same). However, as this district has already determined, "a thirty day loss of [post-adjustment privileges including] . . . recreation . . . do not give rise to a protected liberty interest." Monko v. Cusack, No. 11-CV-1218 (GTS/TWD), 2013 WL 5441724, at *13 (N.D.N.Y. Sept. 27, 2013). Accordingly, as the disposition which Geer received from the May 13, 2014 hearing was a thirty day loss of recreation, any claims

4

related to that hearing and defendant Lewis should be dismissed.

Geer has alleged that Murphy utilized excessive force in commanding him to take his broken typewriter back to his cell with him after the May 13, 2014 disciplinary hearing. However, there is no evidence that Murphy used <u>any</u> physical force. Instead, he gave Geer a direct, verbal order. To the extent that those words may be categorized as threatening or harassing, such allegations would still be insufficient to state a constitutional claim pursuant to § 1983. <u>See</u> e.g. <u>Gill v. Hoadley</u>, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (holding that Section "1983 is not designed to rectify harassment or verbal abuse.") (citations omitted).

With respect to Geer's claims that McMillian issued him a false misbehavior report and that, as a result of that report Brown issued him an inappropriate penalty, such claims must also be dismissed. As previously stated, an inmate has a right not to be deprived of a liberty interest without due process. However, a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2d Cir. 1986)). "There must be more, such as retaliation against the prisoner for exercising a constitutional right." <u>Boddie v. Schnieder</u>, 105 F .3d 857, 862 (2d Cir.1997) (citing <u>Franco v. Kelly</u>, 854 F.2d 584, 588-90 (2d Cir. 1988)). Geer has barely provided any facts regarding the alleged false misbehavior report for being out of place, let alone providing further allegations that the false misbehavior report was a consequence of him exercising his constitutional rights. To the extent that such exist, they were omitted from the present complaint. Accordingly, this claim should also be dismissed.

5

### C. Amendment of the Complaint

In sum, Geer's complaint in its current form fails to state a claim for which relief can be given. In light of Geer's pro se status, an opportunity to amend would generally be recommended prior to outright dismissal. Although the complaint does not necessarily indicate that Geer might be able to state a valid claim, he will nonetheless be given an opportunity to present a proposed amended complaint with respect to the claims dismissed without prejudice.

Any amended complaint must provide clearer details regarding his claims. Specifically, Geer is directed to draft a complaint which satisfies the plausibility standard outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009), requiring plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citations omitted). Geer will have to allege specific facts in a simple and plain statement sufficient to plausibly state that the named defendants engaged in acts of misconduct or wrongdoing which deprived him of constitutional or statutorily protected rights. The amended complaint, which shall supersede and replace in entirety the original complaint, must be a complete pleading which sets forth all of the claims that the plaintiff wants considered as a basis for awarding relief herein.

## II. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that:

1. Geer's motion to proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Dkt. No. 2) is **GRANTED**;[1]

2. The Clerk provide the Superintendent of the facility, designated by the plaintiff as his current location, with a copy of plaintiff's authorization form (Dkt. No. 3), and notify the official that this action has been filed and that plaintiff is required to pay to the Northern District the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915;

3. The Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office;

4. The Clerk serve this Report-Recommendation and Order on all parties in accordance with the Local Rules; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915,

1. Plaintiff's claims that he was denied due process by defendant Lewis and subjected to excessive force by defendant Murphy are **dismissed WITH PREJUDICE** and without a right to renew for failure to state a claim;

2. Plaintiff's claims that he was given a false misbehavior report are **dismissed WITHOUT PREJUDICE** and with a right to renew for failure to state a claim;

3. If plaintiff wishes to proceed with this action it is recommended that he file an

---

[1] Plaintiff should note that although his <u>in</u> <u>Forma</u> <u>Pauperis</u> Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

7

amended complaint with respect to **only** those claims which have been dismissed without prejudice, specifically his potential First Amendment claims. It is further recommended that, if this Report-Recommendation and Order is adopted, if the plaintiff fails file an amended complaint **within thirty (30) days** of issuance of the Order adopting this Report-Recommendation and Order the case be presented to the District Judge for dismissal without any further order from the undersigned;

4. Upon filing of an amended complaint as directed above, the Clerk shall return the file for further review.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Date: December 22, 2014
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge