UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
PAKENAUTH GEER,

                              Plaintiff,

          v.                                              14-CV-650
                                                                  (DNH/CFH)

LT. LEWIS, Washington Correctional Facility,
et al.,

                             Defendants.
----------------------------------------------------------------

**APPEARANCES:**                              **OF COUNSEL:**

PAKENAUTH GEER
Plaintiff Pro Se
05-A-1952
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, New York 12821

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT AND RECOMMENDATION

    The Clerk sent to the Court a civil rights complaint brought by pro se plaintiff Pakenauth Geer ("Geer") pursuant to 42 U.S.C. § 1983 and an application to proceed with this matter in forma pauperis ("IFP"). Compl. (Dkt. No. 1); Dkt. No. 2. On December 22, 2014, a Report-Recommendation and Order was entered (1) granting Geer's motion to proceed IFP; and (2) recommending that Greer's claims against defendants Lewis and Murphy be denied with prejudice and those against defendants McMillian and Brown be denied without

prejudice and with leave to amend.[1] Dkt. No. 5. Before the Decision and Order adopting the Report-Recommendation and Order was filed on January 15, 2015 (Dkt. No. 7), Geer filed an amended complaint (Dkt. No. 6). Now before the Court, the amended complaint is reviewed for compliance with the aforementioned decisions.

## I. DISCUSSION

Geer was instructed to amend and "provide clearer details regarding his claims. Specifically . . . draft[ing] a complaint . . . satisf[ying] the plausibility standing . . . alleg[ing] specific facts in a simple and plain statement sufficient to plausibly state that the named

---

[1] In its prior Report-Recommendation and Order, the Court briefly stated that, to the extent Geer was attempting to resurrect claims related to his prior case, Geer v Mcfarren, No. 14-CV-589, such claims should be dismissed. Dkt. No. 5 at 4. The Court inadvertently failed to expound upon that conclusion, specifically the analysis that any First Amendment claims against defendant Whorf should also be dismissed, without leave to replead in the present case, as duplicitive. The Mcfarren case was first filed in the district on May 19, 2014, approximately three weeks before the present complaint. Compare McFarren, Dkt. No. 1 with Compl. In both cases, Geer has named Whorf as a defendant citing to the same operative facts. McFarren, Dkt. No. 1 at 4; Compl. at 5. On September 16, 2014, the court in Mcferran dismissed the complaint with regard to the claims against Whorf, with leave to amend. Dkt. No. 8. Geer never filed an amended complaint, thus the complaint was dismissed without prejudice. Dkt. No. 9.
    Plaintiffs are not permitted to "maintain two actions on the same subject in the same court, against the same defendant at the same time." DiGennaro v. Whitehair, 467 F. App'x 42, 43 (2d Cir. 2012) (internal quotation marks and citations omitted). Accordingly, district courts are given great discretion to determine if claims are duplicitous of one another. Morency v. Village of Lynbrook, 1 F. Supp. 3d 58, 62 (E.D.N.Y. 2014). It is clear that the defendant and underlying claim were identical between the two complaints; thus "plaintiff should not have initiated [the present] matter while the [first] matter was pending in federal court." Id. at 63. Geer had an opportunity to amend the complaint in the Mcfarren matter and chose not to, he should not be able to resurrect those claims now in the present case. Id. (explaining that "duplicative complaints may not be filed by a plaintiff for the purpose of circumventing the rules pertaining to the amendment of complaints.") (internal quotation marks and citations omitted). As both "matters include the same parties, causes of action, relief . . . and operative facts," the subsequent complaint should be "dismissed with prejudice . . . in the interest of judicial economy and fairness to the parties." Id. Any remedies sought against Whorf should occur in the first complaint filed with the court, Mcferran.

2

defendants engaged in acts of misconduct . . . which deprived him of constitutional[ly] . . . protected rights." Dkt. No. 5 at 6.  Further, Geer was instructed that any amended complaint would "supersede and replace in entirety the original complaint . . . which sets forth all of the claims that the plaintiff wants considered as a basis for awarding relief herein."  Id.

Geer's amended complaint fails to shed much more light on the claims he has against defendants McMillian and Brown than his original complaint did.  In the form provided to Geer by the Court, he explains that there was a "campaign of harassment," which both defendants were a part of; that McMillian issued "a false misbehavior report, because [Geer] filed lawsuits against officers and officer McMillian is in that lawsuit;" and "Brown refused to give [Geer] the opportunity to call witness[es] at [his] hearing, when [he] was accused to be out of place by [defendant] McMillian."  Compl. at 4-5.  Geer continues to say that he was given a ticket for allegedly being out of place and late to school, which he denies, and that the cause of the misbehavior report was the lawsuit he filed against the officers who broke his typewriter.  Id. at 6.  Further, Geer contends that defendant Brown allegedly knew of the plan to frame Geer and refused to call his teacher as a witness, who would have clarified that Geer was never late or out of place.  Id. at 7.  In the correspondence attached to the complaint, Geer stated that as a result of the allegedly false misbehavior report, he received fifteen days loss of recreation.  Dkt. No. 6-1 at 4.

Geer's amended complaint still fails to state a claim upon which relief can be granted.  As outlined in the Court's Report-Recommendation and Order, a false misbehavior report alone is insufficient to state a claim and must allege more, such as retaliation.  Dkt. No. 5 at 5.  To state a prima facie retaliation claim under section 1983, a plaintiff must set forth

3

non-conclusory allegations establishing that (1) the conduct at issue was protected, (2) the defendants took adverse action against the plaintiff, and (3) there was a causal connection between the protected activity and the adverse action – in other words, that the protected conduct was a "substantial or motivating factor" in the prison officials' decision to take action against the plaintiff. Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Dillon v. Morano, 497 F.3d 247, 251 (2d Cir. 2007). However, courts must view retaliation claims with care and skepticism to avoid judicial intrusion into matters of prison administration. Jackson v. Onondaga County, 549 F. Supp. 2d 204, 214-15 (N.D.N.Y. 2008).

Whether a prison official's conduct constitutes adverse action presents a contextual inquiry. Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003). An action will be considered adverse only if it "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights . . . [o]therwise, the retaliatory act is simply de minimis and therefore outside the ambit of constitutional protection." Dawes v. Walker, 239 F.3d 489, 493 (2d Cir. 2001) overruled on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) (internal citations omitted); Vegas v. Artus, 610 F.Supp.2d 185, 208 (N.D.N.Y. 2009).

To satisfy the third element, causal connection between protected speech and the adverse action, a prisoner must present evidence inferring the protected speech played a "substantial part in the adverse action." Davis, 320 F.3d at 354. Such evidence includes: (1) temporal proximity between the protected activity and the alleged retaliatory act; (2) the plaintiff's good disciplinary record; (3) the plaintiff's vindication at his disciplinary hearing; and (4) the defendant's statements as to his or her motive for the discipline. See Colon v.

4

Coughlin, 58 F.3d 865, 872-73 (2d Cir.1995).

Despite the Court's explicit instructions to expand upon the details of the alleged retaliation, Geer has failed to do so and thus has also failed to allege a plausible retaliation claim with respect to either defendant. In order to show retaliation, Geer needed to state evidence that his constitutionally protected conduct of filing grievances and lawsuits was a substantial or motivating factor to the defendant's action to file a false misbehavior report. While filing grievances and lawsuits is protected conduct, and false misbehavior reports constitute adverse action, Geer failed to proffer any facts showing a causal connection. First, the allegations against these defendants are conclusory. Second, Geer does not provide information about when he filed grievances or the lawsuit, who specifically he filed them against, or how long after the grievances or lawsuit were filed that the alleged retaliation occurred. Accordingly, even reading the facts in the light most favorable to Geer he has failed to demonstrate that filing grievances was a substantial factor in the alleged retaliation. Geer also fails to state what relationship, if any, was between the defendants, how Brown would know of the alleged false misbehavior report, and how the constitutionally protected activity was related to the allegedly defective disciplinary disposition.

Further, to the extent that Geer is attempting to raise a due process claim against defendant Brown, such allegations fail to state a claim for the reasons stated in the previous Report-Recommendation & Order. See Dkt. No. 5 at 4-5 (explaining that the loss of post-adjustment privileges such as recreation for thirty does not give rise to a protected liberty interest, accordingly a loss of such privileges for fifteen surely does not either).

The undersigned previously recommended an opportunity to amend. Specifically, the undersigned stated that:

5

> In light of Geer's pro se status, an opportunity to amend would
> generally be recommended prior to outright dismissal. Although
> the complaint does not necessarily indicate that Geer might be able
> to state a valid claim, he will nonetheless be given an opportunity to
> present a proposed amended complaint with respect to the claims
> dismissed without prejudice.

Dkt. No. 5 at 6. As the Court has already granted Geer an opportunity to replead once, and he demonstrated an inability to sufficiently allege a claim against the stated defendants, additional amendment would be futile.

## II. Conclusion

**WHEREFORE**, it is hereby

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915 Geer's claims that his First Amendment rights were violated as to defendants Whorf, McMillian, and Brown should be **dismissed WITH PREJUDICE** and without a right to renew for failure to state a claim;

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Date:   January 28, 2015
        Albany, New York

_Christian F. Hummel_
Christian F. Hummel
U.S. Magistrate Judge